*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW EMANUELSEN,

        Plaintiff-Appellee,

v

CITY OF WOODHAVEN,

        Defendant-Appellant,

and

GORNO BROS. INC., d/b/a GORNO FORD and
d/b/a QUICK LANE OIL CHANGE,

        Defendant.

UNPUBLISHED
October 20, 2022

No. 358286
Wayne Circuit Court
LC No. 20-007706-NO

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

MARKEY, J. (*dissenting*).

I would reverse the trial court's order denying the motion for summary disposition pursued by defendant City of Woodhaven (the city) under MCR 2.116(C)(7) and remand for entry of an order summarily dismissing plaintiff's complaint. Accordingly, I respectfully dissent.

MCL 691.1402a provides, in pertinent part:

        (1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

        (2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

(5) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) may assert, in addition to any other defense available to it, any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious.

We review de novo a trial court's ruling on a motion for summary disposition, the applicability of governmental immunity and statutory exceptions to immunity, and matters of statutory construction. *Snead v John Carlo, Inc*, 294 Mich App 343, 353-354; 813 NW2d 294 (2011). Under MCR 2.116(C)(7), an order granting a motion for summary disposition is proper when a plaintiff's action is "barred because of . . . immunity granted by law[.]" See *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). "The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible." *Snead*, 294 Mich App at 354. A complaint's contents must be accepted as true unless contradicted by documentary evidence. *Id.* We must consider any documentary evidence that is submitted in a light most favorable to the nonmoving party. *Id.* "If there is no relevant factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id.* (citation omitted). But when a relevant factual dispute exists, summary disposition is not appropriate. *Id.* The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *Id.* at 355. This Court begins by reviewing the statutory language, and, if the language is clear and unambiguous, we presume that the Legislature intended the meaning expressed in the statute. *Id.* We must avoid a construction that would render any part of a statute surplusage or nugatory, and this Court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *Id.*

In this case, I agree with the majority that plaintiff rebutted the presumption that the city maintained the sidewalk in reasonable repair by presenting evidence of a vertical discontinuity defect of at least 2 inches. But I emphatically disagree with the majority's conclusion that "[b]ecause the defect was concealed by a piece of paper at the time of the fall, there is a question of fact as to whether the defect was open and obvious."

"The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which

the invitee may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012) (quotation marks and citations omitted). "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* at 461.

In my view, the alleged sidewalk defect in this case, absent contemplation of the errant piece of paper, was open and obvious as a matter of law because an average person with ordinary intelligence would have discovered the defect on casual inspection. It appears that the majority accepts that proposition, as it finds it necessary to rely on a piece of paper, possibly an advertising circular, that by happenstance supposedly ended up covering the vertical discontinuity defect in the sidewalk. And because of this piece of paper tumbling in the wind, the city, according to the majority, is potentially liable for failure to comply with its duty to repair the defect that was otherwise open and obvious. Under the majority's reasoning, the city's liability would fluctuate depending on whether random debris temporarily covers a purported defect at any given point in time because it affects the open-and-obvious analysis. Liability cannot be dependent on such unpredictable fleeting circumstances. Although not binding, I note this Court's observation in *Cioroiu v City of Troy*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2021 (Docket No. 351117); unpub op at 3, that "a temporary shadow, due to the natural position of the sun, over the defect does not transform an open and obvious defect into a hidden one . . . ." And the chance of the sidewalk defect being temporarily hidden by a piece of paper would certainly be more unexpected than shadowing.

As indicated above, MCL 691.1402a(2) provides that "[a] municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk." This provision makes abundantly clear that the Legislature did not want municipalities to be held liable for sidewalk defects unless they had actual or constructive notice of a defect and an opportunity to repair the defect. The majority opinion undermines this legislative intent. I conclude that to honor the Legislature's intent for purposes of MCL 691.1402a(2), the alleged sidewalk defect in this case must be viewed as it existed at the time of the fall, which, as claimed by plaintiff, included being concealed by the piece of paper. And there is no evidence that such a described defect existed at least 30 days before the injury, let alone that the city knew or should have known of the existence of a veiled sidewalk vertical discontinuity defect.

In sum, I would reverse the trial court's order denying the motion for summary disposition pursued by the city under MCR 2.116(C)(7) and remand for entry of an order summarily dismissing plaintiff's complaint. Accordingly, I respectfully dissent.


/s/ Jane E. Markey